UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.            No. 21-CR-00665-MV-1

MICHAEL THEODORE ORTEGA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the United States' Motion *in Limine* to Prohibit Discussion of Sentencing or Punishment at Trial. Doc. 47. Defense counsel did not file a response to this Motion. Having carefully considered the Motion, relevant law, and being otherwise fully informed, the Court will **GRANT** the Motion.

The United States seeks an order prohibiting "any discussion of the potential penalties that would result from the conviction of the defendant," including "discussion of mandatory minimums, United States Sentencing Guidelines, and the application of consecutive sentences." Doc. 47 at 1, 3.

The law on this issue is well-settled. A jury is obligated to "reach its verdict without regard to what sentence might be imposed." *United States v. Greer*, 620 F.2d 1383, 1384-85 (10th Cir. 1980) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975)). There is no right to jury nullification. *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999). So, unless there is an explicit statutory requirement that the jury participate in the sentencing decision, "nothing is left 'for jury determination beyond the guilt or innocence of an accused.'" *Greer*, 620 F.2d at 1385 (quoting *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir. 1971)); *see also United States v. Parish*, 925 F.2d 1293, 1299 (10th Cir. 1991) ("Unless a statute specifically requires jury

participation in determining punishment, the jury shall not be informed of the possible penalties."), *abrogated on other grounds by United States v. Wacker*, 72 F.3d 1453 (10th Cir. 1995).  In sum, it is clearly "improper to inform the jury of the defendant's possible punishment." *United States v. Jones*, 933 F.2d 807, 811 (10th Cir. 1991).  The Tenth Circuit Pattern Jury Instructions drive home this point by instructing jurors not to "discuss or consider the possible punishment *in any way* while deciding your verdict."  Pattern Crim. Jury Instr. 10th Cir. 1.20 (2021) (emphasis added).

To prevent the jury from being improperly informed of the possible punishment facing Mr. Ortega, the parties must not comment on *any aspect* of this punishment, including mandatory minimums, the United States Sentencing Guidelines, or the application of consecutive sentences.

**IT IS THEREFORE ORDERED** that the United States' Motion *in Limine* to Prohibit Discussion of Sentencing or Punishment at Trial is **GRANTED**.

ENTERED this 16th day of March 2022.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE