IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                                          No. 21-CR-00665-MV-1

MICHAEL THEODORE ORTEGA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the government's Notice of Intent to Call Expert Witness [Doc. 48] and Second Notice of Intention to Offer Expert Testimony [Doc. 60].

### BACKGROUND

Mr. Ortega is proceeding to trial after being charged with a four-count Superseding Indictment. Doc. 35. Count 1 charges him with Possession with Intent to Distribute 50 Grams and More of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). *Id.* at 1. Count 2 charges him with Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). *Id.* at 2. Count 3 charges him with Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). *Id.* Count 4 charges him with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *Id.* The Superseding Indictment alleges that each violation occurred on or about April 8, 2021. *Id.*

In its first Notice, the government declares its intent to call Kiana Henderson and Norma Iris Caraballo. Doc. 48 at 1–2. Kiana Henderson is a Drug Enforcement Administration (DEA) Senior Forensic Chemist who is expected to testify that "the substance seized on April 8, 2021,

marked as DEA Exhibit 400, was in fact Fentanyl." *Id*. "Ms. Henderson subjected the substance to one or more of the following tests . . . Gas Chromatography/Mass Spectrometry, Immunoassay Test and Infrared Spectroscopy." *Id.* at 2.

Norma Iris Caraballo is a DEA Senior Forensic Chemist who is expected to testify that "the substance seized on April 8, 2021, marked as DEA Exhibit 401, was in fact Methamphetamine Hydrochloride, commonly known as methamphetamine. *Id.* "Ms. Caraballo subjected the substance to one or more of the following tests . . . Gas Chromatography/Mass Spectrometry, Infrared Spectroscopy and Marquis Color Test . . . [and] DEA503/UV-VIS Spectroscopy." *Id.*

In its second Notice, the government declares its intent to call Kevin Mondragon and Julia Mejia.  Doc. 60 at 1.  Kevin Mondragon is a DEA Special Agent who is expected to testify regarding "how differing illegal narcotics are sold in various quantities," the difference between "personal use quantities and distribution quantities," the "value of the illegal narcotics in this case," and "the tools of the drug trafficking trade, such as firearms." *Id.* at 1–2.

Ms. Mejia is a DEA Forensic Chemist who is expected to testify that "the substance seized on April 8, 2021, marked as DEA Exhibit 402, was in fact Heroin." *Id.* at 2.  "Ms. Mejia subjected the substance to one or more of the following tests . . . Gas Chromatography/Mass Spectrometry, Marquis Color Test." *Id.*

In both Notices, the government asks the Court to "issue an order recognizing each witness as an expert and permitting the introduction of the testimony of each witness." Doc. 48 at 3; Doc. 60 at 3.  The government also asks the Court to reserve its ultimate reliability determination on the proposed testimony until the government has the opportunity to introduce each witness's experience and training into the record at trial.  Doc. 48 at 3; Doc. 60 at 3.

At the March 17, 2022 pretrial conference, the Court informed both parties that, in general,

its practice is to require any party who seeks to qualify a witness as an expert to establish the necessary foundation during trial. Neither party objected to this practice.

## DISCUSSION

Given the defense's lack of objection to the proffered testimony and its decision not to request a *Daubert* hearing, the Court will afford the government the opportunity to establish these witnesses' training, qualifications, and relevant expertise at trial. The defense will also have an opportunity to conduct voir dire at that time if it so requests. If the government sufficiently establishes these witnesses' qualifications as experts under Rule 702 of the Federal Rules of Evidence, the Court will permit their testimony.

## CONCLUSION

For the reasons set forth above, the Court rules on the government's Notice of Intent to Call Expert Witness [Doc. 48] and Second Notice of Intention to Offer Expert Testimony [Doc. 60] in accordance with this order.

Dated this 21st day of March, 2022.

_____
MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE